UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AM/NS CALVERT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:22-cv-111 |
| ) | |
| UNITED STEEL, PAPER, AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS INTERNATIONAL UNION, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

1. Plaintiff brings this action against defendant seeking declaratory relief recognizing that Plaintiff owes no obligation to Defendant under a collective bargaining agreement to which Plaintiff is not a signatory nor otherwise bound.

# PARTIES

2. Plaintiff AM/NS Calvert LLC ("AM/NS" or "Plaintiff") is a Delaware Limited Liability Company consisting of two (2) members (ArcelorMittal CALVERT, LLC and Nippon Steel North America, Inc.), and its principal place of business in Calvert, Alabama, seeks relief respecting Defendant's actions in the District and Division. See Attachment A.

3. Defendant, United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW") is a labor organization based in Pittsburgh, Pennsylvania seeking in the District and Division to require Plaintiff to adhere within the District and Division to terms of a collective bargaining agreement to which Plaintiff seeks a declaration that it is not a party, and in breach in the District and Division of a federal agency's settlement agreement to which Defendant is a party and Plaintiff is a third party beneficiary seeking

47039024 v1

relief for resulting injury in the District and Division.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 2201 and 2202 as well as 29 U.S.C. §185 and federal common law, seeking declaratory relief requiring a construction of a collective bargaining agreement that Defendant, which is and has been a party thereto, seeks to enforce against Plaintiff, which has never been a party thereto.

   a. Section 1331 provides jurisdiction for this Court to hear claims arising under the constitution and laws of the United States, §§ 2201 and 2202 provides for jurisdiction to award declaratory relief for covered cases and controversies.

   b. Section 185 is a federal law providing for suits seeking relief construing collective bargaining agreements, and federal common law governs such suits; this is such an action in Count I because Plaintiff seeks under 29 U.S.C. § 185 a declaration under 28 U.S.C. §§ 2201 et seq. that the terms of a collective bargaining agreement do not make it a party subject to the responsibilities to which Defendant has demanded it adhere.

5. Plaintiff's sole facility consists of a steel mill that it owns and operates in Calvert, located in Mobile County, Alabama; plaintiff's employees, all of whom are employed in Alabama, have been union free from the Company's inception to date, have never been represented by Defendant, and have never been signatory to nor covered by Attachment B nor any collective bargaining agreement ("CBA").

6. Venue is proper in the Southern District of Alabama, Southern Division.

   a. Count I's allegations seek a declaration that Plaintiff is not a party to a collective bargaining agreement to which Defendant, by actions within the District and Division, seeks to require Plaintiff to adhere by calling for Plaintiff to take actions impacting its business, property and employees within the District and Division.

## COUNT I

7. Plaintiff reavers and realleges paragraphs 1 – 6, above as though fully set forth.

8. Defendant USW together with a company called ArcelorMittal USA LLC ("USA") entered into a CBA, a true copy of which is attached as Attachment B, dated September 1, 2018, that called for certain advantages given Defendant, which were collected under the title "Neutrality" organizing "Affiliates and Ventures" of signatory USA. Id.

9. Neither USA nor a company called ArcelorMittal USA Research, LLC ("Research") have ever had any ownership interest in nonsignatory Plaintiff, neither have had or exercised power over nonsignatory Plaintiff's management or policies, and neither share common facilities or direction of employees with nonsignatory Plaintiff, nor nonsignatory Plaintiff with USA nor Research. See Attachment A.

10. On or about December 9, 2020, all of signatory USA's affiliates and ventures, except its spin-off company Research, was sold to unrelated entity, Cleveland Cliffs, Inc. Id.

11. Research has been and remains a party to a CBA to which nonsignatory Plaintiff had never been a party. Id.

12. On January 19, 2022, Defendant USW wrote to nonsignatory Plaintiff a letter (Attachment C hereto) demanding enforcement of Attachment B's so-called "neutrality" provisions against nonsignatory Plaintiff and its employees even though nonsignatory Plaintiff had never been a party to such an agreement and had never had any kind of single entity, co-employee, or alter ego relationship to any signatory to Attachment B or any other CBA.

    a. Attachment C represents a demand to perform a CBA to which nonsignatory Plaintiff is not a party, and nonsignatory Plaintiff, having communicated with Defendant concerning Defendant's past and ongoing position that Defendant regards nonsignatory Plaintiff as having been, and continuing to be, in breach of that CBA if nonsignatory Plaintiff does not

perform, understands Attachment C based on prior communications to be a communication that nonsignatory plaintiff is in breach if it does not perform the obligations Defendant outlined from the Neutrality clause of Attachment B.

      b.      Attachment D represents Defendant's campaign handbill announcing that non signatory Plaintiff's refusal to perform represented what the Defendant expected—that nonsignatory Plaintiff would "illegally reject our offer" of terms that Defendant communicated to Plaintiff that it believed Plaintiff was contractually bound to perform, and Plaintiff's email making clear once again that Plaintiff understood Defendant currently considers that Plaintiff has breached the provisions of the CBA to which nonsignatory Plaintiff is not a party.

      c.      Defendant continues through actions and communications to treat Plaintiff as having breached Attachment B for refusing to abide by its terms.

      d.      If nonsignatory Plaintiff were a party subject to the obligations of Attachment B, nonsignatory Plaintiff's refusal to perform its terms, would constitute and is constituting a material breach by its refusal.

      e.      Nonsignatory Plaintiff alleges it is not a party nor affiliate of a party and thus is not bound by the terms of the agreement that it has refused to perform, terms that Defendant considers nonsignatory Plaintiff to have breached, and that it is being harmed and will continue to be harmed unless this Court enters a declaration that it is not a party to Attachment B or any other CBA.

      f.      Denying this relief will doom nonsignatory Plaintiff to a never-ending future of facing the ongoing burden of constantly having to fend off efforts by Defendant, both judicial, quasi-judicial, and extra-judicial, to force Plaintiff to adhere to an agreement to which it is not a party and continue to disrupt Plaintiff's efforts to conduct lawful business free of burdens.

13. As neither nonsignatory Plaintiff nor its employees had any such relationship to a signatory to Attachment B or any other CBA, and as nonsignatory Plaintiff was not a signatory, nonsignatory Plaintiff denies that it is bound by Attachment B's quoted provisions, any internal provisions respecting dispute resolution, any other Attachment B provision, or any provision of any other CBA.

14. As Defendant in Attachment C has made a demand for performance under a CBA to which it is not a party, nonsignatory Plaintiff seeks a declaration of this Court that Plaintiff is not a party to the agreement and owed Defendant no obligations thereunder.

WHEREFORE, Plaintiff respectfully requests this Court:

1. Enter a declaration declaring that nonsignatory Plaintiff is not a party to the CBA and owes Defendant no rights thereunder, and

2. Grant nonsignatory Plaintiff such other relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

*/s/ H. William Wasden*
H. WILLIAM WASDEN      (WASDH4276)
JOHN J. COLEMAN III     (COLEJ6234)
KATHRYN M. WILLIS      (WILLK8533)

ATTORNEYS FOR PLAINTIFF
AM/NS CALVERT, LLC

OF COUNSEL:
H. William Wasden
Kathryn M. Willis
BURR & FORMAN LLP
11 North Water Street, Suite 22200
Mobile, Alabama 36602
Telephone:   (251) 344-5151
Facsimile:   (251) 344-9696
Email:       bwasden@burr.com
             kwillis@burr.com

John J. Coleman III
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:     (205) 251-3000
Facsimile:     (205) 458-5100
Email:         jcoleman@burr.com


Defendant to be served by Certified Mail:

David Jury
General Counsel
United Steel, Paper, and Forestry, Rubber, Manufacturing,
Energy, Allied Industrial and Service Workers International Union
60 Boulevard of the Allies
Pittsburgh, PA 15222